IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG A. WASHINGTON, | § | |
| *Plaintiff* | § | |
| | § | CIVIL ACTION NO: |
| v. | § | 4:16-CV-00362 |
| | § | |
| JOSE SALAZAR, CLAYTON N. SCOTT, CITY OF HOUSTON, AND HARRIS COUNTY, | § § § | JURY DEMANDED |
| *Defendants* | | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

PLAINTIFFS ALLEGE AS FOLLOWS:

### JURISDICTION & VENUE

1. This Court has jurisdiction over this lawsuit, pursuant to 28 U.S.C. §1331, because the action arises under title 42 U.S.C. §1983 and 42 U.S.C. §1985, as the action involves acts and/or a conspiracy committed by persons acting under the color of law, which deprived Plaintiff of rights secured by the Second, Fourth, and Fourteenth Amendments to the United States Constitution.

2. Venue and jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 in that the case involves a claim to redress the deprivation of Plaintiff's constitutional rights, in violation of 42 U.S.C. §1983 which conduct occurred in Houston, Texas in the Southern District of Texas.

### PARTIES

3. Plaintiff in this action is **CRAIG A. WASHINGTON**, an individual citizen of the United States residing in Houston, Harris County, Texas.

4.      Defendant, **JOSE SALAZAR**, is and was, at the time of the occurrence made the basis of this action, employed by the City of Houston as a sergeant with the Houston Police Department. Jose Salazar has been served with process and has entered an appearance in this case.

5.      Defendant, **CLAYTON K. SCOTT**, previously listed as **CLAYTON N. SCOTT,** was, at the time of the occurrence made the basis of this action, employed by Harris County as an administrative assistant in the Harris County District Attorney's Office. Clayton K. Scott is no longer employed at the District Attorney's Office and **has agreed to accept service under the waiver of service of summons procedure, FRCP 4(d), at his address, 124 Columbia Heights, Brooklyn, NY 11201** .

6.      Defendant, **CITY OF HOUSTON**, is an incorporated municipality which authorizes, empowers, and regulates the **Houston Police Department**. City of Houston, has been served with process and has entered an appearance in this case.

7.      Defendant, **HARRIS COUNTY**, is a local county governing body that authorizes, empowers, and regulates the **Harris County District Attorney's Office** and has been served with process and has entered an appearance in this case.

## CONDITIONS PRECEDENT

8.      All conditions precedent to the prosecution of this action, if any, have occurred.

## FACTS

9.      On the 14th day of February 2014, Plaintiff, while sleeping in bed at his abode, was awoken by the sound of bottles being thrown into and against his property and broken. Plaintiff donned a robe, retrieved his 12 gauge shotgun, and went to investigate. Upon

walking out of his back door, Plaintiff noticed multiple broken beer bottles on the pavement of his property. Plaintiff then asked a valet who had been parking cars at a night club across the street, if he had seen whoever threw the bottles. Unable to get any information, Plaintiff started heading back into his residence when several law enforcement officers from the Houston Police Department and the Harris County Constable's Office drove up responding to an unrelated loud noise complaint. After questioning Plaintiff and determining that no law had been violated by Plaintiff, Plaintiff was allowed to return to his residence.

Shortly thereafter, Defendant, Houston Police Department Sergeant, Jose Salazar, arrived at the scene and apparently decided that he wanted Plaintiff arrested, jailed, and charged with a crime despite the fact that it was clear that plaintiff was not accused of and had not committed any crime. Sgt. Salazar was informed by other officers on the scene that Plaintiff had not committed any crime and that they had already contacted the District Attorney's Office and were informed that no charges would be accepted, as no crime had been committed by Plaintiff. Sgt. Salazar then called the Harris County District Attorney's Office again and on that occasion, deliberately gave false information to the District Attorney's Office by representing that Plaintiff was in illegal possession of a "*handgun*" and not a shotgun. Based on and as a result of Sgt. Salazar's deliberately false report, Defendant, Clayton K. Scott, an administrator for the Harris County District Attorney's Office, swore in an affidavit, that Plaintiff was unlawfully carrying a handgun. At the time of this occurrence, Plaintiff held a valid concealed handgun permit issued by the State of Texas which allowed him to legally possess and carry a handgun.

As a result of Defendant, Clayton K. Scott's, false affidavit that was based on Defendant, Salazar's deliberate misinformation, Plaintiff was arrested, placed in jail, and charged with unlawfully carrying a handgun. Plaintiff remained in jail over night and was released on bond the next morning.

Criminal charges against Plaintiff for unlawfully carrying a weapon, were filed in Harris County Criminal Court At Law No. 14 under Cause No. 1945389. On or about March 21, 2014, the charges were dismissed due to insufficient evidence.

## CAUSE OF ACTION

10.     Plaintiff contends that the conduct of Defendant, Sgt. Jose Salazar, was committed under color of law and within the course and scope of Salazar's authority as a Houston Police Officer. The conduct of Defendant, Salazar, who acted either individually or in concert and conspiracy with authorized agents, employees, and policy making officials at the Houston Police Department and the Harris County District Attorney's Office, deprived Plaintiff of rights secured by the Second, Fourth, and Fourteenth Amendments to the United States Constitution.

Plaintiff specifically contends that the Houston Police Department has and pursues a widespread and well established custom, practice, or policy which was the moving force behind the deprivation of Plaintiff's constitutionally protected rights to bear arms, be free of unreasonable and unlawful arrest and imprisonment, and to equal protection of the laws.

Plaintiff contends that one aspect of the custom or policy consists of allowing officers in charge of a crime scene or investigation the freedom to violate the rights of citizens at their discretion to accomplish the objective or goals of the department. This custom or policy is

effectuated in two ways: One, by openly discouraging officers from reporting the misconduct of their fellow officers; and maintaining a disciplinary system that routinely pursues a policy of disregarding credible evidence to exonerate officers accused of such violations or to mitigate their conduct. This results in a well known widespread persistent pattern of exonerating officers despite their guilt. This custom or policy also has the direct effect of discouraging officers from reporting the misconduct of other officers.

Plaintiff further and specifically contends that both the Houston Police Department and the Harris County District Attorney's Office has and pursues a pervasive and widespread custom, practice, or policy allowing, permitting, or acquiescing the conduct that violates the rights of citizens by:

(a) Failing to train police officers and the administrators and staff of the District Attorney's Office in the manner and means of protecting the constitutional rights of persons despite their desire or the desire of others in positions of authority to violate those rights. Plaintiff contends that this failure to train amounts to a deliberate indifference to an obvious need for such training which was and is likely to result in the violation of citizens' rights;

(b) Facilitating, encouraging, allowing, or acquiescing its employees in violating the rights of citizens to accomplish a purpose or goal of the department;

(c) Approving, encouraging, allowing, or acquiescing Defendant, Salazar's decision to arrest Plaintiff and the basis for his decision as consistent with the Houston Police Department policy; and

(d) Failing and refusing to enforce a prohibition against depriving citizens of constitutional rights by taking no action or inadequate and ineffective disciplinary action to sanction such conduct thereby promoting, and encouraging such conduct and its continuation.

Under these circumstances, 42 U.S.C. §1983 entitles Plaintiff to an award of monetary damages and attorney fees to redress his injuries and compensate for his damages.

## CONSPIRACY CLAIM

11.     Plaintiff contends on information and belief that Defendant, Jose Salazar, acted with the support, encouragement, aid, and assistance of other officers and employees of the Houston Police Department and the Harris County District Attorney's Office.  With the exception of Defendant, Clayton K. Scott, the other co-conspirators, herein identified or designated as John Doe or John Does, are currently unknown.

Plaintiff contends that said parties discussed, conferred, and agreed to have Plaintiff charged and arrested for a crime they knew he had not committed.  Said conspirators falsified and fabricated facts, and swore under penalty of perjury that the false facts were true, all for the intended purpose of depriving Plaintiff of his constitutional rights to bear arms, be free from unlawful search, seizure, and false arrest secured by the Second, Fourth, and Fourteenth Amendments.  This conduct entitles Plaintiff to redress under 42 U.S.C. §1985.

## PLEA FOR INJUNCTIVE RELIEF

12.     Statements made by other officers at the scene of Plaintiff's arrest as well as information contained in the Houston Police Department's offense report, indicate that Defendant, Salazar, decided to violate Plaintiff's constitutional rights, not because of something Plaintiff had done, but because of who the Plaintiff is.  In that Plaintiff can not change who he is, there is a reasonable basis for Plaintiff's belief that such conduct by Defendants may be repeated.  Accordingly, Plaintiff requests that Defendants be enjoined from further unlawful attempts to deprive Plaintiff of his constitutional rights to bear arms, enjoy equal protection of the law, and be free from unlawful arrest.

Plaintiff contends that the injunctive relief requested would be appropriate because:

(a)     The Defendants' conduct has caused, and if allowed to continue, will cause irreparable injury to Plaintiff;

(b) There is no adequate remedy at law because being publicly accused of and regarded as a criminal can not be adequately remedied by monetary damages;

(c) The facts of the case indicate that there is a substantial likelihood of success on the merits of Plaintiff's claim;

(d) The injury Plaintiff faces outweighs the injury that would be suffered by Defendants if injunctive relief is granted; and

(e) The injunctive relief requested would not adversely effect public policy or the public interest.

## DAMAGES

13. Plaintiff contends that as a direct and proximate result of Defendants' conduct, which deprived Plaintiff of constitutionally protected rights under the Second, Fourth, and Fourteenth Amendments, Plaintiff has suffered the following damages:

(a) Monetary expense incurred to post bond, hire an attorney, and prosecute an expungement action;

(b) Mental anguish, embarrassment, humiliation, and discomfort resulting from a night spent in jail; and

(c) Injury and damage to Plaintiff's reputation and good name as a law abiding citizen.

The reasonable value of Plaintiff's claim is $500,000.00.

## EXEMPLARY DAMAGES

14. Plaintiff contends that Defendant, Sgt. Jose Salazar, acted with malice and recklessness in deliberately falsifying or conspiring with Defendant, Scott and others at the Harris County District Attorney's Office to falsify the facts surrounding Plaintiff's arrest and thereby deprive Plaintiff of constitutional rights. This conduct entitles Plaintiff to an award of exemplary damages against Defendants, Salazar, Scott, City of Houston, and Harris County.

Plaintiff also seeks an award of actual damages against each Defendant jointly and severally.

## ATTORNEY FEES

15. Plaintiff was required to retain counsel to file and prosecute this action and requests an award of reasonable and necessary attorney fees and expenses pursuant to 42 U.S.C. §1983.

## JURY DEMAND

16. Plaintiff demands a trial by jury.

## PRAYER

17. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that each Defendant be cited to appear and answer, and that following trial on the merits judgment be rendered in favor of Plaintiff and against each Defendant jointly and severally for the following:

    (a) All actual damage supported by the evidence;

    (b) Exemplary damages as permitted by law to punish and deter similar conduct;

    (c) Reasonable and necessary attorney fees, authorized by 42 U.S.C. §1983, for the prosecution of this action;

    (d) The cost of this action; and

    (e) Injunctive relief against Defendants as alleged and requested herein.

RESPECTFULLY SUBMITTED,

S. A. RANDLE & ASSOCIATES P.C.

/s/ Sarnie A. Randle, Jr
SARNIE A. RANDLE, JR.
SBN: 16525500
FBN: 5346

Chase Bank Building
5177 Richmond Avenue, Suite 635
Houston, Texas 77056
(713) 626-8600
(713) 626-8601 [fax]
SAR@RandleLaw.com
ATTORNEY FOR PLAINTIFF,
CRAIG A. WASHINGTON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all attorneys of record via facsimile, certified mail, and/or hand delivery this 21st day of July, 2016.

                                                 /s/ *Sarnie A. Randle, Jr*
                                             SARNIE A. RANDLE, JR.

Malissa Wilson
City of Houston Legal Department
P. O. Box 368
Houston, Texas 77001-0368
(832) 393-6476
(832) 393-6259 [fax]
ATTORNEY FOR DEFENDANTS, CITY OF HOUSTON AND JOSE SALAZAR

Julie Countiss
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
(713) 274-5115
(713) 755-8924 [fax]
ATTORNEY FOR DEFENDANT, HARRIS COUNTY