UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG WASHINGTON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-00362 |
| | § | |
| JOSE SALAZAR, et al., | § | |
| *Defendants*. | § | |

## MEMORANDUM AND OPINION

Before the Court is defendant Jose Salazar's second amended motion for summary judgment. Dkt. 118. A hearing on the motion was held June 19, 2017. The motion for summary judgment is denied in part and granted in part.

## Background

Plaintiff Craig Washington brings this action under 42 U.S.C. § 1983, alleging that he was falsely arrested in February 2014 by Houston Police Department Sergeant Jose Salazar, in violation of rights guaranteed by the Second, Fourth, and Fourteenth Amendments of the U.S. Constitution.

Washington was arrested near his home following an incident in which broken bottles were thrown onto his property from a nearby night club. Washington, who held a valid concealed handgun permit at the time, went outside to investigate, carrying his 12-gauge shotgun. He was subsequently arrested and charged with unlawfully carrying a handgun, a felony offense. Washington remained in jail overnight, and was released on bond the next morning. The charges were dismissed one month later due to insufficient evidence. His shotgun, which had been confiscated as evidence, was then returned to him.

Defendant Salazar moves for summary judgment on the basis of qualified immunity.

### Legal Standards

Summary judgment is proper if the movant establishes that there is no genuine issue about any material fact and the law entitles it to judgment. FED. R. CIV. P. 56(c). Disputes are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment "must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(internal citation omitted).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Propterties, Inc. v. Potomac Ins. Co. of Ill.,* 140 F.3d 622, 625 (5th Cir. 1998). "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs.,* 373 F.3d 647, 651 (5th Cir.2004).

### Analysis

The doctrine of qualified immunity protects government officials performing discretionary functions in the realm of their official duties from liability as well as from suit. *See Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). This doctrine shields officials from civil liability "so long as their conduct 'does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 136 S. Ct. 305, 38 (2015). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

"Where, as here, a section 1983 defendant pleads qualified immunity and shows he is a governmental official whose position involved the exercise of discretion, the plaintiff then has the burden 'to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law.'" *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997)(internal citation omitted). It is undisputed that Sgt. Salazar was performing discretionary duties within the scope of his authority. Washington has the burden to show that Sgt. Salazar violated clearly established precedent.

*Second Amendment*

The Second Amendment right to keep and bear arms is fully applicable to the states by virtue of the Fourteenth Amendment. *McDonald v. City of Chicago*, 561 U.S. 742 (2010). However, the Supreme Court noted that Second Amendment rights are not unlimited. *McDonald* reiterated the core Second Amendment right described in *District of Columbia v. Heller*, 554 U.S. 570 (2008), holding that the Fourteenth Amendment incorporates the Second Amendment right to "possess a handgun in the home for purposes of self-defense." 561 U.S. 742, 791 (2010). *McDonald* offers no guidance on whether securing a defendant's shotgun upon arrest is a violation of Washington's Second Amendment rights.

The right guaranteed by the Second Amendment is not so much a property right to a specific firearm, but rather a right to bear arms for self-defense. *See Heller*, 554 U.S. at 628-30. Washington presents no authority clearly establishing that the seizure of his shotgun under these circumstances violated the Second Amendment. Nor does he cite any Fifth Circuit precedent supporting his theory that seizing the shotgun violates the Second Amendment merely because he held a valid permit to carry a handgun. Given the lack of clear guidance from *McDonald*, and Washington's failure to point to any supporting case law, summary judgment is appropriate on this portion of his claim.

*Fourth Amendment*[1]

Precedent clearly establishes that Washington had a right to be free from warrantless arrest absent probable cause. *United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999). The contours of that right as they apply here are not in question. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 207 (5th Cir. 2009).

Salazar concedes that the Texas unlawful carry statute applies only to handguns, not shotguns, and that there was no probable cause to arrest Washington for that offense. Nevertheless, Salazar argues that he reasonably believed probable cause existed to arrest Washington for a different offense – carrying a firearm on premises licensed to sell

---

[1] *Washington alleges that he was denied Fourteenth Amendment Due Process when Sgt. Salazar purportedly made false statements to the assistant district attorney to effectuate arrest. However, the allegations are more aptly analyzed under the Fourth Amendment. When the false statement leads only to an arrest and not trial, Washington must seek recovery under the Fourth Amendment since it provides protection of pretrial rights. Castellano v. Fragozo, 352 F.3d 939, 959 (5th Cir. 2003).* If "a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing those claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994).

alcohol. He claims that a subordinate officer disregarded instructions and listed the wrong offense on the charge form.

Washington responds that Salazar's version of events is contradicted by compelling evidence, including not only the offense report but also the testimony of other officers on the scene. Dkt. 119, at 4-14. If Washington's account and the statements of his fellow officers are correct, then it would have been objectively unreasonable for Salazar to believe that there was probable cause to arrest Washington for *any* offense – including carrying a firearm on licensed premises.[2] Washington has thus presented evidence allowing an inference that Salazar lacked "arguable probable cause." *Club Retro*, 568 F.3d at 207. He also points to evidence suggesting that his arrest was not based on what he had done, but because of who he is – a prominent political figure and civil rights attorney.

Upon reviewing the summary judgment record, the Court agrees that there are disputed issues of material fact which preclude summary judgment on the basis of qualified immunity.

## **Conclusion**

---

[2] The evidence is conflicting whether Washington was physically on licensed premises, and whether Salazar was ever so advised. Even more significantly, the Penal Code sections proscribing unlawful carry on licensed premises do not cover shotguns. Texas Penal Code §§ 46.02(a), (c) ("handgun, illegal knife, or club"); 46.035(b)(1) ("handgun"). "Handgun" is defined as any firearm that is designed, made, or adapted to be fired with one hand. TEX. PENAL CODE § 46.01(5).

For these reasons, Salazar's motion is granted as to Washington's Second Amendment claim, but denied as to the Fourth Amendment claim. The case will be set for trial on a date to be set after consultation with the parties.

Signed at Houston, Texas, on August 4, 2017.

Stephen Wm Smith
United States Magistrate Judge